# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARCUS FONTAIN,<br>Plaintiff, | Case No. 1:19-cv-304<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| APRIL L LANE, et al.,<br>Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff Marcus Fontain filed this civil rights action on April 26, 2019, alleging that defendants, including a county receiver, lawyers, and others, violated his federal constitutional rights through their actions in connection with a state court lawsuit concerning his ownership rights of the Dina Towers Condominium Building ("Dina Towers") in Hamilton County, Ohio. (Doc. 1). This matter is before the Court on plaintiff's motion for a temporary restraining order ("TRO") (Doc. 4) and plaintiff's amended motion for a TRO. (Doc. 5).

## I. Background

The allegations of plaintiff's complaint relate to a state court action concerning plaintiff's 60% ownership, or 18 units, in Dina Towers. In his 191-paragraph complaint, plaintiff alleges that defendants Harjinder and Jasreen Sandhu, owners of eight units in Dina Towers, filed a lawsuit in state court to divest plaintiff of his property ownership rights. (Doc. 1 at ¶¶ 29-30). Hamilton County Court of Common Pleas Judge Steven Martin appointed a receiver to manage the affairs of the Dina Towers during the litigation. (*Id.* at ¶ 40). Plaintiff alleges that the case ultimately settled, was dismissed with prejudice, and is therefore "procedurally closed." (*Id.* at ¶ 32). Plaintiff states that the settlement agreement allowed the receiver to manage Dina Towers for six months, and the receivership therefore ended on February 11, 2019. (*Id.* at ¶ 42).

Plaintiff alleges that despite the case being dismissed with prejudice, the defendants

refiled a lawsuit over the property and numerous motions remain pending in state court. (*Id.* at ¶¶ 32, 50). Plaintiff alleges that "[o]ne of the Motions pending ins [sic] asking for an Order to—allow the foreclosure—on the [sic] all the owners of the condominium units, and especially the Fontain's to pay for a sham deficit of the Receiver and to pay for the Receiver's lawyer." (*Id.* at ¶ 32). Plaintiff alleges that after the receivership ended, the state court issued a restraining order against plaintiff and his wife and agreed to extend the receivership "in violation of the Agreed Entry of Dismissal with prejudice and in breach of the Settlement Agreement." (*Id.* at ¶¶ 62-63). Plaintiff alleges that the state court scheduled a hearing for April 30, 2019 to hear the pending motions in the action. (*Id.* at ¶ 54).

Based on these facts, plaintiff seeks a TRO from this Court "to enjoin the Defendants from continuing the litigation in the State case pending further proceedings in this Court. . . ." (Doc. 4 at 2). In his motion for a TRO, plaintiff argues that Hamilton County Court of Common Pleas Judge Terry Nestor, who replaced Judge Martin, had no authority to extend the receivership authorized by Judge Martin. (*Id.* at 3). Plaintiff alleges that defendants have violated his constitutional rights by obtaining a restraining order against him and extending the receivership beyond February 11, 2019. (*Id.*). Plaintiff also filed an amended motion for a TRO. (Doc. 5). In an affidavit accompanying the motion, plaintiff continues to express discontent with the state court proceedings and alleges that the state court is devoid of jurisdiction over the case. (*Id.* at 2). Plaintiff alleges that the state court continues to allow defendants to breach the settlement agreement reached in August 2018 and violate the agreed entry of dismissal with prejudice in violation of his due process rights. (*Id.* at 4).

**II. Plaintiff's motions for a TRO (Docs. 4, 5) should be denied.**

In determining whether to grant or deny emergency injunctive relief, the Court must

2

consider four factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together." *Northeast Ohio Coal. for Homeless v. Serv. Employees Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1010 (6th Cir. 2006) (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). A TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

### A. Plaintiff has not shown a likelihood of success on the merits because the *Younger* abstention doctrine presently bars the Court's consideration of his claims and he has not demonstrated irreparable harm.

The abstention doctrine formulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), prohibits federal courts from presiding over matters that are currently pending before a state court. Absent extraordinary circumstances, federal courts may not interfere with state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* The Supreme Court has extended this rule to cover state court civil and administrative proceedings "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government."

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). *See also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Abstention is appropriate when three factors are satisfied: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). *See also Gonnella v. Johnson*, 115 F. App'x 770, 771-72 (6th Cir. 2004).

If the three requirements for abstention are met, the case should be dismissed or stayed unless the plaintiff can show that one of the exceptions to *Younger* abstention applies. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). The burden is on the plaintiff to show an exception to *Younger* abstention applies. *Goodwin v. County of Summit, Ohio*, 45 F. Supp.3d 692, 702 (N.D. Ohio 2014) (citing *Squire v. Coughlan*, 469 F.3d 551, 552 (6th Cir. 2006) (citation omitted)). The general exceptions to *Younger* abstention include "bad faith, harassment, or flagrant unconstitutionality." *Id.* (citing *Squire*, 469 F.3d at 552). Courts as a general rule have narrowly interpreted these exceptions. *Id.* (internal citations omitted).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff admits that a parallel proceeding is currently pending in the Hamilton County Court of Common Pleas. Plaintiff's allegations in his federal complaint are exclusively concerned with the property dispute involving his ownership of Dina Towers and the related developments in the state court proceedings, including the state court's decision to extend the receivership beyond February 11, 2019. There is a complete overlap between the events and actions at issue and the parties involved in the state court litigation and the allegations in his federal complaint. Moreover, in his TRO motion, plaintiff specifically asks the Court to enjoin the defendants from "continuing

4

the litigation in the State case." (Doc. 4 at 2).

Second, it is apparent that the state court proceedings involve important property interests regarding the state court's decision to extend the receivership. It is evident from plaintiff's own filings that the state court initially appointed a receiver for the Dina Towers Condominium Owner's Association because plaintiff, who gained control over the Owner's Association Board by virtue of his ownership or control of 18 of the 30 units in the condominium complex, had allegedly taken tens of thousands of dollars inappropriately from the Dina Towers Condominium Owner's Association and had allegedly mismanaged the association. (TRO, Doc. 4-1 at 5 (citing State Court Receivership Action, Order Granting Mot. for Appointment of Receiver in Case No. A1705644)). The allegations in plaintiff's complaint and TRO do not appear to dispute the initial receiver appointment, but concern the extension of the receivership beyond February 11, 2019. State courts hold "a significant interest in ensuring that the state's judicial power has been appropriately exercised and that a court-appointed receiver had properly performed his duties." *Kircher v. City of Ypsilanti*, 458 F. Supp.2d 439, 451 (E.D. Mich. 2006) (collecting cases that note the importance of a state court's oversight of its officers). The state also holds important interests in regulating zoning and land use. *See Jureli, LLC v. Schaefer*, 53 F. Supp.3d 552, 560 (E.D.N.Y. 2014) (holding that *Younger* abstention precluded property owner's constitutional claims against a receiver who the plaintiff claimed had not been validly appointed by state court). In light of these important state interests, the Court must abstain from hearing plaintiff's claims pending the resolution of the state court civil proceedings.

Third, there is no evidence that the pending state civil proceeding cannot provide an opportunity for plaintiff to raise his constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interest of a federal plaintiff. *Kelm*, 44

5

F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possesses an adequate opportunity to raise any constitutional issues in his pending state court action or in a subsequent appeal. Plaintiff's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state civil proceedings. *See Berger v. Cuyahoga Cnty. Bar Ass'n*, 983, F.2d 718, 723 (6th Cir. 1993) (quoting *Middlesex*, 457 U.S. at 435). Plaintiff has not alleged specific facts of bad faith, harassment, or flagrant unconstitutionality in the state court proceedings. Therefore, plaintiff has not shown a likelihood of success on the merits at this juncture because abstention under *Younger* is appropriate.

Once the Court decides that *Younger* abstention applies, it must determine whether to stay the case or dismiss it without prejudice. *Goodwin*, 45 F. Supp.3d at 704-705 (citing *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007)). The proper course of action depends on whether the plaintiff seeks damages or equitable relief. *Id.* at 705 (citing *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013)). Where the plaintiff seeks both monetary damages and an injunction of the state proceedings, the federal lawsuit must be stayed rather than dismissed. *James v. Hampton*, 513 F. App'x 471, 478 (6th Cir. 2013). Plaintiff seeks both monetary damages and equitable relief. Therefore, a stay rather than a dismissal of his federal claims is the proper course of action.

Plaintiff also has not shown that he will suffer irreparable harm without the requested injunction. "To demonstrate irreparable harm, [plaintiff] must show that . . . [he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). "The possibility that adequate compensatory or other corrective relief will be available at later date, in the ordinary course of litigation, weigh[s]

heavily against a claim of irreparable harm." *Moody v. Bell*, No. 1:08-cv-796, 2009 WL 3011505, at *3 (S.D. Ohio June 26, 2009) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "A plaintiff's harm is not irreparable if it is fully compensable by monetary damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Plaintiff has not demonstrated harm that is imminent or not compensable by monetary damages.

In addition, a TRO is not warranted here because the purpose of a TRO is to preserve the status quo until a trial on the merits can be held. *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Plaintiff seeks to "enjoin the Defendants from continuing the litigation in the State case." (Doc. 4 at 2). In addition to being inappropriate under *Younger*, such an extraordinary remedy would not preserve the status quo of the parties. The Court need not analyze the remaining factors for injunctive relief because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's requests for a TRO (Docs. 4, 5) should therefore be denied.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiff's motions for a TRO (Docs. 4, 5) be **DENIED**.
2. The Court should abstain from exercising its jurisdiction over plaintiff's claims against defendants pending the conclusion of the state court civil proceedings.

Date: 5/9/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS FONTAIN,
Plaintiff,

vs.

APRIL L LANE, et al.,
Defendants.

Case No. 1:19-cv-304
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).