IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARCUS FONTAIN, | : |
| *Plaintiff*, | : Case No. 1:19-cv-00304 |
| vs. | : Judge Jeffery P. Hopkins |
| APRIL L. LANE, *et al.*, | : |
| *Defendants*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 65) issued by Magistrate Judge Karen L. Litkovitz on October 11, 2022. The Magistrate Judge recommended that Defendants' Motions to Dismiss (Docs. 8, 9) be **GRANTED**; Plaintiff's Motion to Amend the Complaint (Doc. 16) be **DENIED**; Plaintiff's Motion for Declaratory Judgment (Doc. 62) be **DENIED**; and Plaintiff's Motion for Sanctions (Doc. 56) be **DENIED**. *See* Doc. 65, PageID 2486. On October 25, 2022, Plaintiff filed a document purporting to be objections. Doc. 66.

Having been duly advised, the Court **ADOPTS** the Report and Recommendation (Doc. 65) in its entirety and **DISMISSES** this case **WITH PREJUDICE**.

### I. STANDARD OF REVIEW

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Importantly, however, review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections

are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, the Court cannot discern any specific objections to the carefully crafted Report and Recommendation from Plaintiff's filing. Rather, Plaintiff's "objections" appear to be a litany of generalized grievances relating to the outcome of the underlying state court proceedings. Plaintiff has therefore forfeited *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

## II. ANALYSIS

### a. Report and Recommendation

Thus, having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022). Accordingly, it is hereby **ORDERED** that Defendants' Motions to Dismiss (Docs. 8, 9) be **GRANTED**; Plaintiff's Motion to Amend the Complaint (Doc. 16) be **DENIED**; Plaintiff's Motion for Declaratory Judgment (Doc. 62) be **DENIED**; and Plaintiff's Motion for Sanctions (Doc. 56) be **DENIED**.

### b. Dismissal for Want of Prosecution

On September 12, 2024, this Court entered and mailed to Plaintiff an Order to Show Cause as to why this case should not be dismissed with prejudice for want of prosecution. Doc. 75. On September 26, 2024, the Order to Show Cause was returned as undeliverable. Doc. 31. Though a pro se plaintiff is required to keep the Court apprised of any change in address, it is the Court's understanding Plaintiff may now be deceased.[1]

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for "'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). Four factors guide the Court's determination of whether dismissal for failure to prosecute is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id*. (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Though "no one factor is dispositive, dismissal is proper if the record demonstrates delay." *Keathley v. Campbell Cnty. Sheriff's Dep't*, No. 3:19-CV-364, 2020 WL 13064705, at *1 (E.D. Tenn. May 14, 2020) (citing *Knoll*, 176 F.3d at 363).

As to the first factor, a plaintiff's conduct must have displayed "either an intent to thwart judicial proceedings or a reckless disregard for the effect" of his conduct on those proceedings. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v.*

---

[1] Mail Receipt (Returned as Undeliverable: Deceased), *Fontain v. Nestor et al.*, No. 1:22-cv-00431-JPH-KLL (S.D. Ohio Mar. 15, 2023), ECF No. 52.

3

*Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). The second factor assesses whether the defendant would be prejudiced by the plaintiff's conduct where the defendant wasted time, money, or effort in an (otherwise futile) attempt to cooperate with plaintiff during the legal proceedings. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

Here, all factors come down on the side of dismissal. Plaintiff—by virtue of his presumed death—"demonstrated a lack of prosecution of his action by failing to keep the Court informed of his current address." *El Bey v. Wisecup*, No. 1:21-CV-00678, 2022 WL 2835029, at *1 (S.D. Ohio July 20, 2022); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that a *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (holding that a *pro se* litigant has a duty to supply the court with notice of any and all changes in his address). Under the second factor, Defendants would be prejudiced by remaining involved in a case that will not otherwise proceed. As to the third factor, the Order to Show Cause specifically warned Plaintiff that failure to respond may result in the dismissal of the case pursuant to Fed. R. Civ. P. 41. Doc. 75, PageID 3991. Lastly, while less drastic measures were considered, the Court's ultimate consideration here is guided by the Court's presumption that Plaintiff is deceased. The Court is unaware of any other option—besides outright dismissal of the claims—that would appropriately address the issue of Plaintiff's failure to prosecute because of his presumed death.

Accordingly, in light of these factors and Plaintiff's untimely passing, Plaintiff's case is "subject to dismissal." *Farmer v. Langer*, No. 3:20-CV-18, 2020 WL 3118459, at *2 (S.D. Ohio June 12, 2020) (citing Fed. R. Civ. P. 41(b)); *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under

Rule 41(b) ... to enter a *sua sponte* order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962)). The case is **DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to **TERMINATE** this case.

    **IT IS SO ORDERED.**

Dated:  June 13, 2025

Hon. Jeffery P. Hopkins
United States District Judge